UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRI ADAMS, | ) | CASE NO.  1:25-cv-00790 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **OPINION AND ORDER** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Magistrate Judge Jonathan Greenberg's Report and Recommendation

("R&R") recommending the Commissioner of Social Security's decision be affirmed.  (Doc. 9.)

Plaintiff Terri Adams ("Adams") timely filed an objection (Doc. 10), and Defendant

Commissioner of Social Security ("Commissioner") responded (Doc. 11).

For the following reasons, Adams' objection is OVERRULED.  The R&R is ACCEPTED

and ADOPTED, and the Commissioner's final decision is AFFIRMED.

## I.      BACKGROUND

Adams does not object to the factual record and procedural history in the R&R.  (Doc.

10.)  Notwithstanding, the Court summarizes the facts pertinent to her objection.

### A.      Application for Supplemental Security Income

On January 10, 2023, Adams applied for Supplemental Security Income ("SSI") benefits.

(Doc. 5 at 318.)  She alleged a disability onset date of June 1, 2022.  (*Id.*)  On March 16, 2023,

her claim was denied.  (*Id.* at 31, 220-21.)  Reconsideration was denied on June 29, 2023.  (*Id.* at

31, 230-31.)  On July 28, 2023, Adams filed a written request for a hearing before an

Administrative Law Judge ("ALJ").  (*Id.* at 31, 253-55.)

On January 18, 2024, Adams, who was represented by counsel, testified before an ALJ. (*Id.* at 184.)  A vocational expert was also present.  (*Id.* at 186.)  During the hearing, Adams requested that her disability onset date be amended to November 23, 2022.  (*Id.* at 31.)  Adams testified she tried "just about all" antidepressants in the past to no avail.  (*Id.* at 193.)  She testified her anxiety was high, she had concentration issues, and she can "freeze up and can't find the right words or communicate."  (*Id.* at 196.)  She also experienced panic attacks up to three to four times a week, mood swings, severe depression, and memory issues.  (*Id.* at 198-200.)

Adams' application relied, in part, on an evaluation from Carol Story ("Story"), a Licensed Professional Clinical Counselor.  (*Id.* at 1684.)  On April 27, 2023, Story evaluated Adams who described irritability, difficulty concentrating, fatigue, and increasing feelings of guilt and worrying.  (*Id.* at 1684.)  She also described trouble sleeping and decreased sociability. (*Id.*)  Adams also suffered from panic attacks.  (*Id.* at 1686.)  She has received outpatient mental health treatment intermittently since the age of fourteen.  (*Id.*)  She was diagnosed with generalized anxiety disorder, major depressive disorder, panic disorder, and post-traumatic stress disorder ("PTSD").  (*Id.* at 1690-91.)

On January 31, 2024, Story submitted a letter to Adams' attorney detailing her symptoms and diagnoses.  (*Id.* at 1764-67.)  Story also completed a Medical Source Statement Opinion documenting, among other things, that Adams would face an extreme level of impairment in her ability to perform and complete work tasks in a normal workday.  (*Id.* at 1766.)  She would also be extremely impaired in "performing at production levels expected by most employers" and in tolerating customary work pressures.  (*Id.* at 1766-67.)  Adams would have moderate limitations performing other activities, such as completing tasks independently and responding to changes in

her work setting.  (*Id.*)  Story further opined Adams would miss work at least 2 days each month due to her diagnoses.  (*Id.*)

On March 2, 2023, state agency medical consultant Audrey Todd ("Todd") reviewed Adams' medical file and determined she suffered from multiple severe musculoskeletal, mental, and neurological impairments.  (*Id.* at 215.)  She opined Adams had mild limitations with respect to interacting with others and to concentrate, persist, or maintain pace and moderate limitations in adapting and managing herself.  (*Id.*)  She had no limitations in her ability to understand, remember, or apply information.  (*Id.*)  She would require infrequent changes in her work environment that can be explained in advance.  (*Id.* at 219.)  Her maximum sustained work capability was determined to be light.  (*Id.* at 220.)

Upon reconsideration, on June 26, 2023, state agency medical consultant Courtney Zeune identified the same severe impairments, but she also found Adams suffered from osteoarthritis and trauma.  (*Id.* at 225.)  In contrast to Todd, she found Adams moderately limited with respect to interacting with others.  (*Id.*)  She also found Adams could have no more than superficial contact with others in a workplace setting.  (*Id.* at 229.)  She concurred that Adams could only have infrequent changes in the workplace that could be explained in advance.  (*Id.*)

On April 9, 2024, the ALJ found Adams was not disabled and entitled to SSI.  (*Id.* at 31-43.)  Relevant here, the ALJ discounted Story's opinions as inconsistent with and unsupported by the medical record.  (*Id.* at 39-40.)  On February 18, 2025, the Appeals Council declined review.  (*Id.* at 22-27.)

### B.      Appeal of ALJ Decision

In this action, Adams presented one assignment of error:

The ALJ violated 20 C.F.R. § 416.920c when evaluating the treating source opinion of Ms. Story, a licensed professional counselor.

(Doc. 6 at 1769.)  In her merits brief, Adams argued the ALJ did not address the supportability or consistency of Story's medical opinion.  (*Id.* at 1776.)  Besides noting the ALJ concluded that Story's opinions were "inconsistent with the record," Adams contended the ALJ failed to discuss specific examples where the record was inconsistent with her findings.  (*Id.* at 1779.)  For supportability, Adams asserted the "ALJ attempted to illustrate a picture where Ms. Story's treatment notes described a normal individual with no more than mild mental health problems," contrary to her medical opinion.  (*Id.* at 1776.)

On August 25, 2025, the Commissioner argued that the ALJ properly considered Story's treatment notes and medical opinion.  (Doc. 8.)  After properly doing so, the ALJ concluded they were not persuasive.  (*Id.* at 1788.)  The Commissioner further directed the Court to the ALJ's supportability and consistency determinations, notably the findings of Dr. Zuene.  (*Id.* at 1793.)  Adams did not reply.

On November 18, 2025, the Magistrate Judge submitted the R&R recommending the Court affirm the Commissioner's decision.  (Doc. 9.)  The R&R stated that, "reading the opinion as a whole," the ALJ addressed both the supportability and consistency of Story's medical opinion.  (*Id.* at 1818.)  The R&R also addressed the ALJ's determination that Story's opinion was unpersuasive.  The opinion was limited to a "'checkbox form' with 'cursory statements-in the form of symptoms and diagnoses-for her findings,' which the Sixth Circuit has found 'patently insufficient.'"  (*Id.* at 1811.)  "The regulations specify that an opinion's persuasive value is based on both the objective evidence and 'supporting explanations.'"  (*Id.* at 1819 (case citations omitted).)  Even if Story's opinion was sufficient, sufficiency is not the final determination.  With other information before the ALJ, the ALJ concluded Story's opinion was also not persuasive.  (*Id.* at 1818-19.)  Thus, the R&R concluded the Commissioner's findings

should not be disturbed. (*Id.* at 1819 (explaining that existence of competing evidence does not, without more, require reversal).)

Adams timely objected as follows:

THE ALJ VIOLATED 20 C.F.R. § 404.1520c DURING THE ALJ'S EVALUATION OF MS. STORY'S TREATING SOURCE OPINIONS.

(Doc. 10 at 1822.)

The Commissioner responded to Adams' objection, namely Adams "reiterates the very same argument made in her merits brief." (Doc. 11 at 1826.)

## II. ANALYSIS

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, 1994 U.S. App. LEXIS 35044, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (flush language).

"Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Thomas v. Arn*, 474 U.S. 140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute."). "A general objection that does not 'address specific concerns with the magistrate's report' will not suffice." *Bickham v. Comm'r of Soc. Sec.*, No. 19-cv-10, 2019 WL 5962689, 2019 U.S. Dist. LEXIS 196685, at *1 (N.D. Ohio

Nov. 13, 2019) (quoting *Howard*, 932 F.2d at 509).  Objections that "simply repeat[], in general fashion, the argument presented to—and rejected by—the Magistrate Judge" do not trigger *de novo* review.  *Lanning v. Comm'r of Soc. Sec.*, No. 20-cv-1676, 2022 WL 122643, 2022 U.S. Dist. LEXIS 7196, at *10 (N.D. Ohio Jan. 13, 2022) (collecting cases).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  Accordingly, "[a]n objection that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."  *Evans v. Ordiway*, No. 24-cv-36, 2026 WL 309173, 2026 U.S. Dist. LEXIS 24476, at *10 (W.D. Mich. Feb. 5, 2026) (citations omitted).

Adams' assignment of error presented in her merits brief is nearly identical to her stated objection.  Adams' merits brief argued the ALJ did not discuss the consistency and supportability factors when assessing Story's medical opinion.  (Doc. 6 at 1776.)  The R&R reached a different conclusion and explained why Adams' contention was incorrect.  Indeed, the R&R stated that the ALJ "considered the supportability and consistency of [] Story's opinions as required by the regulations, discussing evidence that was unsupportive of disability in the process."  (Doc. 9 at 1818.)  The R&R also correctly noted that the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  While Adams summarizes the analysis of the R&R in her objection, the objection itself is nearly a verbatim restatement of her assignment of error and simply concludes that she "respectfully disagrees" with the R&R.  (Doc. 10 at 1822.)  This is not a specific objection warranting *de novo* review.  *See Jennifer M. K. v. Comm'n of Soc. Sec.*, No. 23-cv-12173, 2024 WL 4274870, 2024 U.S. Dist. LEXIS 172553, at *5 (E.D. Mich. Sept. 24,

2024) (collecting cases where objection reiterated same argument).  To present a specific objection, Adams was required to identify alleged errors in the R&R.  *McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, 2022 U.S. Dist. LEXIS 43281, at *1-2 (E.D. Mich. Mar. 10, 2022).  This she did not do.  Adams' general objection is OVERRULED.

## III.    CONCLUSION

For the reasons stated herein, Plaintiff Terri Adams' objection is OVERRULED.  The Report and Recommendation is ACCEPTED and ADOPTED, and the final decision of the Commissioner of Social Security is AFFIRMED.


**IT IS SO ORDERED.**


Date:   July 7, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE